

# TIFFANY & BOSCO
### P.A.

**Dated: October 02, 2009**

2525 EAST CAMELBACK ROAD SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

_____
**CHARLES G. CASE, II**
**U.S. Bankruptcy Judge**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-65893 / 0004904855

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Kevin P. Lamb and Brenda L. Lamb<br>　　　　Debtors.<br>_____<br>National City Mortgage Company<br><br>　　　　Movant,<br>　　vs.<br><br>Kevin P. Lamb and Brenda L. Lamb, Debtors;<br>Office of the US Trustee, Trustee.<br><br>　　　　Respondents. | No. 4:08-bk-15681-CGC<br><br>Chapter 11<br><br>EXPARTE ORDER TERMINATING THE AUTOMATIC STAY FOR FAILURE TO CURE PURSUANT TO THE TERMS OF THE ADEQUATE PROTECTION ORDER |

  Pursuant to the Order entered on April 2, 2009, attached hereto as Exhibit "A", and by this reference incorporated herein, the above-referenced Debtors; were obligated to make specified payments which they have failed to make.

  The Debtors have failed to comply thereby necessitating a written Notice of Default. Attached hereto as Exhibit "B" is a copy of the Notice of Default.

Based on the failure to cure the contractual agreement of the parties, the prior court order and good cause appearing:

IT IS HEREBY ORDERED that the Automatic Stay is the above-entitle Bankruptcy case is immediately extinguished for all purposes as to Secured Creditor, National City Mortgage Company and National City Mortgage Company may exercise whatever state law or contractual rights it may have regarding the property generallydescribed as: 923 W. Via De Arboles Queen Creek, AZ 85242 ("Property" herein) and legally described as:

LOT 59, OF VINWOOD ESTATES UNIT NO. 2, ACCORDING TO THE PLAT IN CABINET C, SLIDE 46, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA.

IT IS FURTHER ORDERED National City Mortgage Company and/or its successors and assigns may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. The Movant may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be non-recourse unless included in a reaffirmation agreement.

IT IS FURTHER ORDERED that all conditions of the adequate protection order regarding conversions are binding and are hereby affirmed in this Order as well.

DATED this _____ day of _____, 2009.

_____
UNITED STATES BANKRUPTCY JUDGE

**Exhibit "A"**

TIFFANY & BOSCO
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-65893/0004904855

SO ORDERED.

Dated: April 02, 2009

_____
**CHARLES G. CASE, II**
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Kevin P. Lamb and Brenda L. Lamb<br>    Debtors.<br>―――――――――――――――――<br>National City Mortgage Co.<br><br>    Movant,<br>  vs.<br><br>Kevin P. Lamb and Brenda L. Lamb, Debtors;<br>Office of the US Trustee, Trustee.<br><br>    Respondents. | No. 4:08-bk-15681-CGC<br><br>Chapter 11<br><br>(Related to Docket # 51)<br><br>**ORDER APPROVING STIPULATION REGARDING MOTION FOR RELIEF**<br><br>RE: Real Property located at<br>923 West Via De Arboles<br>Queen Creek, Arizona 85242 |

    IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded in the records of the Pinal County, Arizona Recorder's Office, wherein Kevin P. Lamb and Brenda L.

Lamb, are designated as trustors and National City Mortgage Co. is the current beneficiary, which Deed of Trust encumbers the following described real property:

> LOT 59, OF VINWOOD ESTATES UNIT NO. 2, ACCORDING TO THE PLAT IN CABINET C, SLIDE 46, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA.

IT IS FURTHER ORDERED that the debtors will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| 2 - Monthly Payments at $2,969.34 each (September 1, 2008 - October 1, 2008) | $ 5,938.68 |
| 5 – Monthly Payments at $2,639.62 each (November 1, 2008 – March 1, 2009) | $13,198.10 |
| Late Charges | $   108.85 |
| Other Fees | $     55.00 |
| Bankruptcy Attorney Fees & Costs | $   800.00 |
| Motion For Relief Filing Fee | $   150.00 |
| Total Amount Of Post Petition Default | $20,250.63 |

1. The total arrearage above in the amount of shall be paid in six (6) monthly installments of $3,375.10. These payments shall be in addition to the regular monthly payment and shall be due on or before the 15th day of the month commencing with the April 15, 2009 payment and continuing throughout and concluding on or before September 15, 2009.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post-petition payment due for April 1, 2009, which shall be made when due, and all subsequent payments shall be made when due.

IT IS FURTHER ORDERED that National City Mortgage Co. as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its

Deed of Trust, so long as the terms of this Order are complied with.  In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtors, Debtors' Counsel and Trustee and Debtors' failure to cure such default within fifteen (15) days of the date of such notice.  In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtors will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge.  Debtors shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a cashier's check or money order, made payable to Movant.  If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor' Bankruptcy Case No. 4:08-bk-15681-CGC is dismissed, either voluntary or involuntary, for any reason, this Order will become null and void and National City Mortgage Co., and after such dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the

portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2009.

                                                                 _____
                                                                  United States Bankruptcy Court Judge

**TIFFANY & BOSCO**
**P.A.**

**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

08-65893/0004904855

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Kevin P. Lamb and Brenda L. Lamb<br>        Debtors.<br>―――――――――――――――――――<br>National City Mortgage Company<br><br>        Movant,<br>  vs.<br><br>Kevin P. Lamb and Brenda L. Lamb, Debtors;<br>Office of the US Trustee, Trustee.<br><br>        Respondents. | No. 4:08-bk-15681-CGC<br><br>Chapter 11<br><br>NOTICE OF DEFAULT<br><br>RE: Real Property Located at<br>923 W. Via De Arboles<br>Queen Creek, AZ 85242 |

     National City Mortgage Company secured creditor, (hereinafter referred to as "Secured Creditor"), by its attorneys TIFFANY & BOSCO, P.A., hereby files this Notice of Default in the above-captioned case, and avers as follows:

     1.    An Order was entered on April 2, 2009 which provides for the lifting of the stay imposed by Section 362(a) of the U.S. Bankruptcy Code with respect to that certain Deed of Trust recorded in the records of the Pinal County, Arizona Recorder's Office, which encumbers the following real property:

LOT 59, OF VINWOOD ESTATES UNIT NO. 2, ACCORDING TO THE PLAT IN CABINET C, SLIDE 46, RECORDED IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA.

A Copy of said Order is attached hereto as Exhibit "A".

2. As of the date of this Notice of Default, the Debtors have not made the payments as required by the aforementioned Order. The Debtors are presently past due as follows:

| | | |
|---|---|---:|
| a. | 5 Monthly Payments at $2,639.62 each (May 1, 2009 to September 1, 2009) | $13,198.10 |
| b. | 5 Stipulated payments at $3,375.10 (April 15, 2009 – August 15, 2009) | $16,875.50 |
| c. | 4 Late Charges at $108.85 each (May 16, 2009 to August 16, 2009) | $435.40 |
| d. | Attorneys Fees | $150.00 |
| | Total Reinstatement | $30,659.00 |

3. Debtors are responsible for the subsequent payments that will come due during this Default period:

a. 1 Stipulation payment at $3,375.10

PARTIAL TENDERS WILL NOT BE ACCEPTED

4. Notice is hereby given to the Bankruptcy Court, Debtors, counsel for Debtors, and Trustee, that unless debtor' default under the terms of the Stipulation and Order is cured not later than fifteen (15) days from date of this Notice, that Movant will proceed, pursuant to the Court's Order lifting the stay, to conduct a Trustee's Sale or mortgage foreclosure, in its discretion, with respect to the above-described Deed of Trust.

DATED this 1st day of September, 2009.

TIFFANY & BOSCO, P.A.

By /s/ MSB # 010167
    Mark S. Bosco
    Leonard J. McDonald
    Attorneys for Movant

*If the Debtor cures the default prior to the date of expiration this amount may be different.